## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| UNIQUE FABRICATING, INC., *et al.*,[1] | Case No. 23-11824 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: 1/25/24 @ 2:00 p.m. (ET)**<br>**Objection Deadline: 1/18/24 @ 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006 AUTHORIZING THE REJECTION OF A CERTAIN ENGAGEMENT LETTER WITH ANGLE ADVISORS LLC, EFFECTIVE AS OF THE PETITION DATE**

David W. Carickhoff, chapter 7 trustee ("**Trustee**") for the estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), hereby moves the Court (the "**Motion**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order, substantially in the form attached hereto (the "**Proposed Order**"), authorizing the Trustee to reject an engagement letter with Angle Advisors LLC, effective as of the Petition Date (as defined below). In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f) of the Local Rules of

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Unique Fabricating, Inc. (6791); Unique Fabricating NA, Inc. (8349); Unique Fabricating South, Inc. (9868); Unique-Prescotech, Inc. (9729); Unique-Chardan, Inc. (8350); Unique Molded Foam Technologies, Inc. (3749); Unique-Intasco USA, Inc. (8572); and Unique Fabricating Realty, LLC (N/A).

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trustee consents to the entry by this Court of a final order in connection with this Motion.

2.      The predicates for relief sought herein are sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

3.      On November 8, 2023 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.      David W. Carickhoff has been appointed as chapter 7 trustee of the Debtors' Estates.  The section 341(a) meeting of creditors was held on December 15, 2023, and concluded.

5.      Prior to the Petition Date, the Debtors were engaged in the engineering and manufacturing of multi-material foam, rubber, and plastic components utilized in noise, vibration and harshness, acoustical management, water and air sealing, decorative and other functional applications.  The Debtors served the North America transportation, appliance, medical, and consumer off-road markets.  Sales were conducted directly to major transportation, appliance, medical, and consumer/off-road manufacturers.

6.      Prior to the Petition Date, Debtor, Unique Fabricating, Inc. entered into a certain engagement letter, dated as of May 23, 2023 (the "**Engagement Letter**") with Angle Advisors LLC ("**Angle**").  Pursuant to the Engagement Letter, Angle agreed to provide certain investment banking services to the Debtors.

7.      Angle's pre-petition services to the Debtors concluded as of no later than the Petition Date by virtue of the Debtors' chapter 7 bankruptcy filings.  On a post-petition basis, the Trustee has not engaged Angle as investment banker, or in any other capacity, in connection with the Debtors' chapter 7 cases.

**RELIEF REQUESTED**

8.     By this Motion, the Trustee respectfully requests the entry of an order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, authorizing the rejection of the Engagement Letter effective as of the Petition Date.

**BASIS FOR RELIEF REQUESTED**

A.     **Rejection of the Engagement Letter**

9.     Section 365 of the Bankruptcy Code provides, in relevant part, that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

10.     The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the trustee.  *See*, *e.g.*, *National Labor Relations Board v. Bildisco (In re Bildisco)*, 6825 F.2d 72, 79 (3d Cir. 1982).  The rejection of an executory contract is appropriate where rejection of the contract would benefit the estate.  *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also*, *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291 (3rd Cir. 2000).

11.     The Trustee submits that there is sound business judgment for the rejection of the Engagement Letter. The Engagement Letter holds no material economic value for the Estates and is not necessary to administer these chapter 7 cases, especially given that the Trustee has not retained Angle in connection with these chapter 7 cases.  Conversely, rejection of the Engagement Letter avoids any ambiguity and ensures that the Estates will not be subject to any unnecessary asserted administrative expense obligations. [2]

---

[2]     To be clear, the Trustee reserves the right to contest any asserted administrative expense claims (or any other claims) asserted by Angle, whether related to the Engagement Letter or otherwise, on all grounds.

12.     Accordingly, the Trustee submits that the rejection of the Engagement Letter is within his sound business judgment and is in the best interest of the Estates, creditors and other parties-in-interest.

**B.     Effective Date of Rejection**

13.     Bankruptcy courts are empowered to grant retroactive rejection of executory contracts and unexpired leases under sections 105(a) and 365(a) of the Bankruptcy Code. *See, e.g.*, *Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

14.     Here, the Trustee seeks rejection of the Engagement Letter effective as of the Petition Date. Absent the requested retroactive rejection, there exists the possibility of that substantial unnecessary (and unearned) post-petition financial obligations will be asserted against the Debtors' Estates in connection with the Engagement Letter. Such expenses will not provide any benefit to the Estates and will come at the detriment of the Debtors' creditors. Retroactive rejection is especially appropriate here given that Angle's services to the Debtors concluded by the Petition Date and the Trustee has not retained Angle on a post-petition basis.

**NOTICE**

15.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) Angle; and (iii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

16.    No prior motion for the relief requested herein has been made to this or any other

Court by the Trustee.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the

form submitted herewith, authorizing the rejection of the Engagement Letter as of the Petition Date

and granting such other and further relief as is just and equitable.

Dated:  January 8, 2024                **CHIPMAN BROWN CICERO & COLE, LLP**
         Wilmington, Delaware

                                       /s/  Alan M. Root
                                       William E. Chipman, Jr. (No. 3818)
                                       Mark D. Olivere (No. 4291)
                                       Alan M. Root (No. 5427)
                                       Hercules Plaza
                                       1313 North Market Street, Suite 5400
                                       Wilmington, Delaware 19801
                                       Telephone: (302) 295-0192
                                       Email:   chipman@chipmanbrown.com
                                                olivere@chipmanbrown.com
                                                root@chipmanbrown.com

                                       *Counsel for the Chapter 7 Trustee*